**HOUSTON & T. C. RY. CO. v. S. J. & J. C. WHITWORTH. (No. 8342.)**

(Court of Civil Appeals of Texas. Galveston. March 27, 1923.)

**Railroads ⊕⇒411(5)—Injury to animal on tracks within switch limits held not actionable.**

The owner of a mule going on a railway company's tracks within the switch limits where the company is not permitted by law to fence cannot recover for the killing of the animal by a train in the absence of proof of negligent operation, and in such case recovery cannot be had on the theory that the company was guilty of negligence in permitting grass to grow upon its tracks where no causal connection is shown between the growing grass and the injury by the train.

Appeal from Waller County Court; A. G. Lipscomb, Judge.

Action by S. J. & J. C. Whitworth against the Houston & Texas Central Railway Company. Judgment for plaintiffs, and defendant appeals. Judgment reversed and rendered for defendant.

Baker, Botts, Parker & Garwood, of Houston, and Keet McDade, of Hempstead, for appellant.

R. E. Hannay, of Hempstead, and Maurice Hirsch & Allen Hannay, of Houston, for appellees.

LANE, J. This suit was originally brought in the justice court for precinct No. 1 of Waller county, Tex., by S. J. & J. C. Whitworth against the Houston & Texas Central Railway Company, to recover $200 damages alleged to have been suffered by them by reason of the killing of a mule, the property of plaintiffs, by a train of defendant. Judgment was rendered in said justice court in favor of the plaintiffs for the sum sued for. The cause was carried to the county court of Waller county by appeal and in said court the defendant answered, first, by general denial; second, by specially pleading that, if it be true that the plaintiffs' mule was killed by being struck by one of its trains, still it would not be liable to the plaintiffs for the value of their mule, for this: Said mule was struck and killed, if struck and killed at all, within the switch limits of the town of Howth, where defendant maintains a depot and station, and where its switches and spurs are laid and stationed for the use of the public in and around its said station and switchyard, and at a point where defendant is not required nor permitted to fence its track, unless it be shown by the evidence that defendant's employees in charge of its said train were guilty of some act of negligence which resulted in the death of said mule.

The cause was tried before a jury, who, in answer to special issues found that plaintiffs' mule was struck and killed by a train operated by the defendant within the switch limits of the town of Howth, and about 190 steps from defendant's depot; that, at the point where the mule was struck and killed, defendant had three tracks, the main track and two switch tracks; that the switch tracks were used in switching and loading cars; that the defendant was guilty of negligence in letting grass grow over its tracks at Howth station, and that such act of negligence was the proximate cause of the death of plaintiffs' mule.

Upon the verdict of the jury and evidence the court rendered judgment for the plaintiffs against defendant for the sum of $200. The defendant has appealed.

Appellant insists, first, that the court erred in not instructing a verdict in its behalf in that the undisputed evidence shows that if the mule of appellees was struck and killed by a train of appellant, it was so struck and killed at a point on its road where defendant was not required or permitted by law to fence its track, and in that there was no evidence tending to show negligence on the part of defendant, its agents or employees in the operation of the train which struck and killed said mule, and in that there was no evidence tending to show that the grass growing on appellant's track in any manner contributed to the death of appellees' mule.

We feel constrained to sustain appellant's contentions. The undisputed evidence shows that the point where the mule was killed was within the switch limits of appellant; that at that point there were three tracks, the main track and two switch tracks; that these switches are situated in the town of Howth, where passengers get off and on trains at times, and where such freight is loaded onto freight cars, which were switched upon the tracks. Under the condition shown to exist by the undisputed evidence, defendant would not under the law be permitted to fence its track at Howth. There was no evidence tending to show that the train which struck the mule was in any manner negligently operated. Indeed, we think appellees base their right to recover solely upon the finding of the jury that appellant was negligent in letting grass grow on its track, and that such act was the proximate cause of the death of their mule. To this last contention we cannot agree. We doubt if, in any case, it can be held that the mere fact that a railway company permitted grass to grow upon its track within its switchyards, where it is not permitted by law to fence, is of itself actionable negligence. However, in the present case we are clearly of opinion that no actionable negligence was shown. It was not shown that the grass growing upon appellant's track had anything to do with the injury or death of appellees'

mule. It was not shown that the mule was grazing upon such grass at the time it was struck. So far as is shown the mule might have been passing over the track and run so suddenly in front of the train as to make it impossible for the operatives in charge thereof to bring it to a stop, and thereby prevent the injury. In other words there was no causal connection shown between the growing grass and the striking of the mule by the train. Under these circumstances, no recovery could be had.

Having reached the conclusion expressed, it becomes our duty to reverse the judgment in favor of appellee, and to here render judgment for the appellant; and it is so ordered.

Reversed and rendered.